IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SIDNEY MARTS,
    Plaintiff,

vs.              Case No. 3:09cv102/MCR/EMT

ALBERT YU, et al.,
    Defendants
_____/

**O R D E R**

   This cause is before the court on Plaintiff's "Motion for Reconsideration" (Doc. 18). In his motion Plaintiff seeks reconsideration of the order issued on July 22, 2009, in which the court concluded that the initial partial filing fee of $3.66 previously assessed pursuant to 28 U.S.C. § 1915(b)(1)(A) was correctly calculated and should be paid no later than August 3, 2009 (Doc. 17).

   To the extent Plaintiff again complains that the calculation of the initial partial filing fee is incorrect, the motion is summarily denied. Based on the documents Plaintiff has provided to the court, the calculation is correct and therefore the fee is due. Plaintiff also asserts, however, that this is an "imminent danger case" in which waiving payment of the initial partial filing fee is warranted (Doc. 18 at 3). This assertion merits the court's further attention.

   Upon careful review of the docket, the court concludes that this case is subject to 28 U.S.C. § 1915(g). Under this section, a prisoner is prohibited from proceeding in forma pauperis if, on three or more prior occasions, he has brought a claim that has been dismissed on the ground it was frivolous, malicious, or failed to state a claim. A prisoner who is under imminent danger of serious physical injury is excepted from this "three strikes" provision. At the time the court granted Plaintiff leave to proceed in forma pauperis on May 21, 2009, no exhaustive review of Plaintiff's prior cases

was conducted. Upon its recent scrutiny of the twenty-three other cases filed by Plaintiff that were pending in this district on May 21, 2009, the court has determined the following. At the time he initiated this case on March 11, 2009, Plaintiff had accumulated three § 1915(g) "strikes," two in Case No. 3:08cv24 (*see* Docs. 16 and 44) and one in Case No. 3:08cv537 (*see* Doc. 24). Accordingly, under § 1915(g) Plaintiff is not entitled to proceed in forma pauperis in the instant matter unless the court concludes he is under imminent danger of serious physical harm. Plaintiff does not explain in his motion why he believes this risk is present, but in his complaint he alleges that he suffers from hepatitis C, hypertension, hypoglycemia, and heart problems (*see* Doc. 1 at 5). According to Plaintiff, among other things, Defendants have refused to provide him with adequate treatment by specialists—as well as other care for these conditions—and that the denial of the medical attention he requires has placed him at imminent risk of serious physical injury (*id.* at 5–6). The court is satisfied, if marginally so, that these allegations are sufficient to permit Plaintiff to proceed in forma pauperis in this action under § 1915(g)'s "imminent risk of serious injury" exception, despite his having three prior "strikes" when the case was initiated.

Notwithstanding the conclusion stated above, the court notes that in order for Plaintiff to proceed without paying the initial filing fee previously assessed, he must still demonstrate that he has no assets and no means by which to pay the fee. *See* 28 U.S.C. § 1915(b)(4). Accordingly, to enable the court to make this assessment Plaintiff shall be required to submit an updated in forma pauperis application outlining his assets, if any, and an updated inmate account statement. The inmate account statement must cover the period from April 9, 2009 (the last date covered by his previous documentation), to the date of this order.

Accordingly, it is **ORDERED**:

1. Plaintiff's "Motion for Reconsideration" (Doc. 18) is **DENIED**, without prejudice to Plaintiff's filing an updated in forma pauperis application outlining his assets and an updated inmate account statement.

2. The clerk shall send Plaintiff a motion to proceed in forma pauperis and a prisoner consent form and financial certificate approved for use in the Northern District. This case number should be written on the forms.

Case No. 3:09cv102/MCR/EMT

3. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall submit a fully completed motion to proceed in forma pauperis with the requisite prisoner consent form and financial certificate, including an attached computer printout of the transactions in his prison account. The financial certificate and computer printout must cover the period April 9, 2009, to the date of this order.

4. Plaintiff's failure to comply with this order as instructed may result in a recommendation that this case be dismissed for failure to comply with an order of the court.

**DONE AND ORDERED** this 24th day of July 2009.

    /s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**